Grafton, }
Dec. 3, 1907. }

## HERBERT v. STEELE & a.

In an action to determine the location of a boundary line, evidence of the grantor's acts and declarations prior to the conveyance is not admissible, if its effect is to change the terms of the deed and not to remove a latent ambiguity therein.

TRESPASS *quare clausum.* Trial by the court and verdict for the plaintiff. Transferred from the May term, 1907, of the superior court by *Pike*, J.

The controversy relates to the location of the dividing line between the plaintiff's land on the north and the defendants' land on the south. One Hutchins formerly owned both tracts, and in 1893 conveyed to the plaintiff the northerly tract by a deed describing it in part as follows: Beginning at a certain point in a certain highway—the same being in the line of Herbert's farm—" and following the middle of said highway south about fifty rods to a

point about two rods from a white pine tree, about two feet through, stand east of the said point in the highway and running about east from said tree over or near a large boulder stone; and thence to a pine tree, marked, on the bank of the pond; thence north on said pond to said John Herbert's land; thence west on said land to the bounds begun at. The pine tree is the south one on the bank of the pond, and is marked with a cut on the west side and on the north side." The defendant Steele acquired title to the southerly tract from Hutchins' estate in 1905.

The parties agree as to the location of the starting point of the southerly line of the tract conveyed to Herbert. A line running from this point south forty-two degrees east passes within three or four feet of the southerly end of a boulder which is five or six times larger than any stone on or near the disputed tract, to a pine tree on the bank of the pond, marked with a cut on the west and north sides, and being the southerly pine of those in the vicinity. The cuts on this pine were probably made about 1893. The plaintiff claims to this line. The defendants claim to a line running from the starting point south sixty-seven degrees east. This line passes over "a large boulder stone" one fifth or one sixth as large as the one above mentioned, to a pine on the bank of the pond, being the southerly one of two standing in the immediate vicinity, but not the southerly one of those in the locality. There is a mark upon the west side of this tree and another upon the east side, made perhaps not more than four or five years ago by cutting the bark half way through. There is no mark on the north side. There are several marked birches and small trees on this line. Two small birches near the pine are marked on the sides toward it, they being near an old lumber road running north and south, built eighteen or twenty years ago and having blazed trees upon its side. The distance between the pines at the easterly ends of the two lines is eight rods; and the controversy is as to the title of the triangular tract between the two lines. It was found that the first line above mentioned is the one described in the plaintiff's deed, and that no other line answers the description sufficiently to render the description ambiguous.

The defendants excepted to the exclusion of proffered testimony, that just before the deed was made Hutchins and the scrivener went upon the land with a view of determining where the southerly line should be, that Hutchins marked the trees on the last mentioned line and declared that the land to be sold to the plaintiff was to be bounded by this line, and that they returned to Hutchins' house, where the deed was written.

*Burleigh & Adams*, for the plaintiff.

*James B. Wallace*, for the defendants.

CHASE, J.   The proffered testimony was properly excluded, it appearing from the findings of the superior court, which were fully sustained by the evidence, that the effect of the testimony must be to change the terms of the deed—not merely to remove any latent ambiguity there may be in them.   The defendants must procure a reformation of the deed before they can avail themselves, in an action like this, of the facts which they offered to prove.

*Exception overruled.*

All concurred.